UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| TOMMIE JEFFERSON, | : | | |
|---|---|---|---|
| | : | | |
| Plaintiff, | : | Civil Action No.: | 21-1489 (RC) |
| | : | | |
| v. | : | Re Document No.: | 33, 40, 42 |
| | : | | |
| LLOYD AUSTIN, III, | : | | |
| Secretary, U.S. Department of Defense | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### Denying Defendant's Motion for Summary Judgment; Denying Defendant's Motion to Stay Discovery; Denying Plaintiff's Motion for Leave to File Supplemental Evidence

### I. INTRODUCTION

Plaintiff Tommie Jefferson sues Lloyd Austin, in his official capacity as Secretary of Defense, for disability discrimination and retaliation taken against Jefferson by the Defense Intelligence Agency within the U.S. Department of Defense (the "Agency"). *See* Compl. ¶ 1, ECF No.1. The Secretary has filed a motion for summary judgment on the basis that Jefferson did not timely file this case. *See* Def.'s Mot. Summ. J. at 1 ("Def.'s MSJ"), ECF No. 33. For the reasons explained below, the Court denies the Secretary's motion.

### II. FACTUAL BACKGROUND

Jefferson worked for the Agency as a human resource specialist January 2016 until July 2016. *See* Compl. ¶¶ 2, 137. Jefferson suffers from dyslexia, obesity, and diabetes, which he says are disabilities that impair his major life functions. *See id.* ¶¶ 3, 21-22. Although Jefferson was granted an accommodation for his dyslexia, his supervisor at the Agency treated him with "hostil[ity]" regarding his spelling and grammar and frequently berated him. *See id.* ¶¶ 51–53.

Jefferson further alleges that he requested, and was denied, accommodations for his obesity and diabetes. *See id.* ¶¶ 30–32, 43–47. In July 2016, the Agency terminated Jefferson, which Jefferson alleges was on account of his requested accommodations and disabilities. *See id.* ¶¶ 178, 181–82. Accordingly, Jefferson filed an Equal Employment Opportunity Commission ("EEOC") complaint alleging that the Agency had discriminated against him in violation of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. *See* Equal Employment Opportunity Commission Decision at 1 ("EEOC Decision"), ECF No. 1-1.

Following the Agency's investigation of his allegations, Jefferson requested a hearing on his complaint with the EEOC. *Id.* An EEOC administrative law judge ("ALJ") was assigned to Jefferson's case. *Id.* At that point, the Agency filed a motion for summary judgment with the ALJ, to which Jefferson responded and the Agency replied. *Id.* On November 29, 2020, the ALJ granted summary judgment to the Agency without a hearing. *See id.* at 2. In her order, the ALJ included a notice of Jefferson's right to file an appeal. That notice stated that Jefferson could "file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision." *Id.* at 9. It further explained that "[i]f the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order." *Id.*

The Agency failed to issue a final order. Eventually, on June 1, 2021, Jefferson filed a complaint in this Court raising the claims that he had made before the ALJ—namely, that the Agency had unlawfully engaged in disability discrimination and retaliation. *See generally* Compl. The Agency then filed a motion for summary judgment arguing that Plaintiff's complaint in this Court was untimely filed. *See generally* Def.'s MSJ. Jefferson filed a response

2

in opposition to the Agency's motion, *see generally* Pl.'s Opp'n Mot. Summ. J. ("Pl.'s Opp'n"), ECF No. 35, and the Agency filed a reply in support of its motion, *see generally* Def.'s Reply Supp. Mot. Summ. J. ("Def.'s Reply"), ECF No. 37.

### III. LEGAL STANDARD

A court must grant a motion for summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if it could "be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Id.* at 248, 250. When considering a motion for summary judgment, a court may not "make credibility determinations or weigh the evidence," *Lopez v. Council on Am.-Islamic Rels. Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016) (quoting *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006)), but it must accept the nonmoving party's evidence as true and draw all reasonable inferences in that party's favor, *Anderson*, 477 U.S. at 255.

Summary judgment streamlines litigation by disposing of factually unsupported claims or defenses and thereby determining whether trial is genuinely necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323. In response, the non-movant must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See Celotex*, 477 U.S. at 324. Conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

## IV. ANALYSIS

The resolution of the Agency's motion hinges on whether Jefferson's complaint was timely filed in this Court. A plaintiff must commence a Title VII civil suit "within ninety days after obtaining notice of [the plaintiff's] right to sue from the EEOC." *Dougherty v. Barry*, 869 F.2d 605, 609 (D.C. Cir 1989); *accord* 42 U.S.C. § 2000e-5(f)(1). This "90-day period is not a jurisdictional prerequisite to filing suit in federal district court but operates as a statute of limitations and is subject to waiver and equitable tolling." *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 n.6 (1984) (per curiam)). Relatedly, a Rehabilitation Act claim against a federal agency must be filed with the U.S. District Court "[w]ithin 90 days of receipt of notice of final action taken by [the Agency]." 42 U.S.C. § 2000e-16(c); *see also* 29 C.F.R. § 1614.407 (same); 29 U.S.C. § 794a(a)(1) (making Title VII remedies, procedures, and rights applicable to claims under § 501 of the Rehabilitation Act); *McManus v. Williams*, 519 F. Supp. 2d 1, 5 n.2 (D.D.C. 2007) ("[P]rocedures of Title VII apply to ADA claims."). Generally speaking, a plaintiff's failure to initiate litigation within the 90-day period requires dismissal of any Title VII claim. *See Dougherty*, 869 F.2d at 613. The Agency's primary argument here is that Jefferson failed to file his complaint in this Court during the requisite 90-day window. *See* Def.'s MSJ at 1. Jefferson responds that (1) the Agency's notice did not trigger the 90-day window in the first instance, (2) he is entitled to equitable tolling, and (3) the Agency's statute of limitations defense is barred by equitable estoppel.[1] *See* Pl.'s Opp'n at 1, 6, 10–11, 15, 17. As explained in detail

---

[1] Although the Agency's motion for summary judgment focuses primarily on equitable tolling, *see* Def.'s MSJ at 4, Jefferson's argument about when the limitations period began to run in the first instance is distinct from Jefferson's equitable tolling argument, *compare* Pl.'s Opp'n at 6 *with id.* at 11. Courts in this district have explained that the concepts of accrual and equitable tolling are distinct. *See, e.g.*, *Doe v. Exxon Mobil Corp.*, No. 01-cv-1357, 2022 WL

4

below, the Court concludes that the Agency's notice did not trigger the 90-day window for filing suit in the first instance.

### A. Accrual of Ninety-Day Filing Period

To determine whether Jefferson filed his complaint within the statutory 90-day time limit, the Court must first determine when the 90-day clock began ticking. As relevant here, once an EEOC ALJ issues a decision, the relevant agency has an opportunity to issue a final order deciding whether to accept the ALJ decision within forty days. 29 C.F.R. § 1614.110(a). That final order "shall notify the complainant whether or not the agency will fully implement the decision of the administrative judge," and "shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits." *Id.* If the agency fails to issue such an order within forty days, the ALJ's decision "shall become the final action of the agency." *Id.* § 1614.109(i).

At that point, an employee has two options: he may appeal the final agency action to the EEOC within thirty days or alternatively file suit in federal district court within ninety days of the final agency action. 42 U.S.C. § 2000e-16(c). Critically, however, the D.C. Circuit has held "that notice of final agency action alone does not start that ninety-day clock running if unaccompanied by notice (1) of the employee's right to file a civil action and (2) of the time

---

3043219, at *11 (D.D.C. Aug. 2, 2022); 4 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1056 (4th ed. 2024) (observing that the line distinguishing accrual and the doctrines of estoppel and tolling is often blurred). Accrual governs when the statute of limitations starts running in the first instance, whereas equitable tolling pauses the limitations period once it has start to run. *See Doe*, 2022 WL 3043219, at *11. Additionally, the doctrine of equitable estoppel "is also distinct from equitable tolling because it does not prevent the statute of limitations from running; it instead prevents the defendant from asserting a statute of limitations defense." *Id.*

limit on filing such action." *Al-Saffy v. Vilsack*, 827 F.3d 85, 95 (D.C. Cir. 2016) (cleaned up); *see also* 29 C.F.R. § 1614.110(a) (stating that the final agency action must contain "notice of the complainant's right to appeal to the [EEOC], the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits"). And "ALJ decisions that become final agency actions by operation of law also must provide comparable notices in order to trigger the applicable statutes of limitations for appeals and civil lawsuits." *Staropoli v. Donahoe*, 786 F. Supp. 2d 384, 390 (D.D.C. 2011). That notice is required regardless of whether plaintiff is proceeding *pro se* or is represented. *Id.* at 391.

The Agency explains that the ALJ's decision was rendered on November 29, 2020, *see* Def.'s MSJ at 1, and that the Agency "did not issue a final order, and, therefore, the Administrative Judge's decision became the final action by operation of law forty days after the decision, on January 8, 2021," *id.* at 2. The Agency says, therefore, that by operation of law the final order "triggered Plaintiff's right to file a civil action within ninety days, thus expiring on April 8, 2021" but that Plaintiff did not file his civil action until June 1, 2021, meaning that it was untimely. *Id.* In response, Jefferson argues that he never received notice of the time limit on filing a civil action and that, therefore, the ninety-day clock did not start running when the ALJ's decision became final by operation of law. *See* Pl.'s Opp'n at 6, 10–11. Jefferson is correct.

As explained above, "notice of final agency action alone does not start that ninety-day clock running if unaccompanied by notice (1) of the employee's right to file a civil action and (2) of the time limit on filing such action." *Al-Saffy*, 827 F.3d at 95 (cleaned up); *see also Williams v. Hidalgo*, 663 F.2d 183, 186 (D.C. Cir. 1980) (holding that final decision must provide plaintiff

with "notice (1) of her right to file a civil action and (2) of the . . . time limit on filing such action"); *Wilson v. Peña*, 79 F.3d 154, 163 (D.C. Cir. 1996) (explaining that notice requires "both the right to sue and the time limit"); *Mills v. Hayden*, 284 F. Supp. 3d 14, 19 (D.D.C. 2018) (holding that decision letter did not trigger limitations period when letter failed to inform plaintiff of 90-day limit for filing a civil action). Here, the only notice that Jefferson received was included at the end of the ALJ's decision, which informed Jefferson of the following:

> You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). You will have thirty (30) days to file an appeal from the time you receive the agency's final order. If the agency fails to issue a final order, you have the right to file your own appeal *any time* after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

EEOC Decision at 9 (emphasis added). Rather than explain that Jefferson would have ninety days to file a civil action after the decision became final, the ALJ instead informed Jefferson that he could file an appeal "at any time." *Id.* "[T]o start the running of the time limitation of the statute, [the Agency] was required by regulation, statute and by court decision to notify [Jefferson] of [his] right to sue in federal court and of the [time] limit for bringing such an action." *Al-Saffy*, 827 F.3d at 95.

On its face, the ALJ's order granting summary judgment in favor of the Agency omitted the statutorily required notice. *See* EEOC Decision at 9. "That alone bars application of the ninety-day limitation period." *Al-Saffy*, 827 F.3d at 95. As the Circuit has explained, "it would be perverse if this cursory ALJ order entirely omitting any form of notice, could—through agency inaction no less—replace the final agency action that should otherwise have provided notice to the employee." *Id.* "Because Title VII requires final agency action to notify the employee of his right to appeal and the governing time limitation," the ALJ's order "did not

7

trigger the ninety-day deadline for [Jefferson] to file suit." *Id.*  Consequently, because the ninety day period never commenced, Jefferson's suit—filed on June 1, 2021—was not filed after the ninety day period expired.² *See Al-Saffy*, 827 F.3d at 95; *see also Mills*, 284 F. Supp. 3d at 19 (holding that agency decision letter did not trigger ninety-day limitations period when letter failed to inform plaintiff of that time limit); *Staropoli*, 786 F. Supp. 2d at 391 (concluding that notice was inadequate when it indicated that there was "no hard deadline" for filing even though plaintiff was represented and the notice made reference to the regulatory scheme).  The ninety-day limitations period, therefore, does not bar Jefferson's suit.

### B. Laches

Even if its notice was deficient, the Agency asserts a laches defense arguing that Jefferson still filed his complaint in this Court too late.  *See* Reply at 4–5.³  It is true that "even where the notice is defective, complainants still must file suit within a reasonable time or may be defeated by a laches defense." *Wilson*, 79 F.3d at 163 n.4.  To that end, "[w]hen an agency or department has taken final action but has failed to issue a proper notice . . . an employee can bring an action in district court within a *reasonable* time.  Of course, when the agency neglects

---

² Although the Defendant does not address it, the Court also observes that the ALJ's notice does not even mention that Jefferson had the right to file a civil action in federal court. *See* EEOC Decision at 9; *see also* Pl.'s Opp'n at 3 ("The administrative judge's decision in this case did not provide Mr. Jefferson with any mandatory suit-filing notice rights, much less correctly identify a time limit for such action.").  Rather, the notice merely informed Jefferson of his right to appeal to the EEOC Office of Federal Operations.  *See* EEOC Decision at 9. Accordingly, not only was the notice insufficient because it failed to inform Jefferson of the time limit for filing a civil suit, it was additionally deficient because it failed to inform Jefferson that he could file a civil suit at all.

³ The Court observes that the Department did not explicitly mention a laches defense in its motion for summary judgment.  "[I]t is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 51 (D.D.C. 2015).  The Court nevertheless addresses the Department's laches defense and concludes that it is meritless.

to issue proper notice the right to sue would not continue forever because of the defense of laches." *Williams*, 663 F.2d at 188 (emphasis added) (citation omitted).  Laches applies when a plaintiff has unreasonably delayed in asserting a claim and that delay caused undue prejudice to the defendant.  *See Nat'l Treasury Emps. Union v. Whipple*, 636 F. Supp. 2d 63, 75 (D.D.C. 2009); *Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers*, 239 F. Supp. 3d 77, 84 (D.D.C. 2017) ("Run-of-the-mill delay is not sufficient to warrant the application of laches."). Contrary to the Agency's argument however, the Court concludes that Jefferson filed his complaint in this Court within a reasonable amount of time after the ALJ's decision issued.

As in this case, in *Williams v. Hidalgo*, the D.C. Circuit was required to decide whether a plaintiff had filed his complaint within a reasonable time after an agency neglected to issue a proper notice triggering a limitations period.  *See Williams*, 663 F.2d at 188.  There, the plaintiff had filed his complaint four months and five days after the agency action became final and the Circuit—considering laches—concluded that time was reasonable.  *Id.*  In this case, Jefferson filed his complaint on June 1, 2021—four months and 24 days after the ALJ's order became final.  Although this delay is slightly longer than the plaintiff waited in *Williams*, it is not materially longer.  *See also Menominee Indian Tribe of Wis. v. United States*, 614 F.3d 519, 531 (D.C. Cir. 2010) (explaining that application of laches defense "turns on whether the party seeking relief delayed inexcusably or unreasonably in filing suit, not simply whether the party delayed" (cleaned up)).  Indeed, in other contexts, laches has been found inapplicable even when a plaintiff has delayed far longer than five months.  *See, e.g.*, *Powell v. Zuckert*, 366 F.2d 634, 637 (D.C. Cir. 1966) (collecting cases where laches defenses were denied for delays of 14 months and 32 months).  Accordingly, the Court concludes that Jefferson filed within a reasonable time and that laches does not bar this suit.

The Court additionally observes that the Agency's laches defense fails for a second reason: to utilize a laches defense, the Agency must demonstrate that allowing Jefferson's claim would cause the Agency prejudice, and the Agency has not done so. *See Pro Football, Inc. v. Harjo*, 565 F.3d 880, 882 (D.C. Cir. 2009). While the Agency asserts that it "has been prejudiced by being compelled to expend extensive resources litigating this case to date," the cost of litigation exists in every case and the Agency's bare assertion that it would prefer not "to use valuable and limited resources litigating" this case is insufficient to show prejudice and succeed on a laches argument at the summary judgment stage. Reply at 6; *see also Powell*, 366 F.2d at 638 ("The prejudice normally contemplated in applying laches . . . stems from such factors as loss of evidence and unavailability of witnesses, which diminish a defendant's chances of success."); *Whipple*, 636 F. Supp. 2d at 76 ("If only a short period of time elapses between accrual of the claim and suit, the magnitude of prejudice required before suit would be barred is great."). Because "delay that merely prolongs litigation 'is not a sufficient basis for establishing prejudice,'" the Agency cannot utilize a laches defense here. *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 5 (D.C. Cir. 2015); *see also Pro-Football, Inc. v. Harjo*, 284 F. Supp. 2d 96, 142 (D.D.C. 2003) (explaining that mere delay insufficient for application of laches defense); *c.f. Serv. Emps. Int'l Union Nat'l Industry Pension Fund v. Bristol Manor Healthcare Ctr., Inc.*, 307 F.R.D. 37, 42 (D.D.C. 2014) (explaining in Rule 55(c) context that "delay and legal costs are part and parcel of litigation and typically do not constitute prejudice").

Because the Court holds that Jefferson's complaint was not untimely filed in the first instance, the Court need not and does not address Jefferson's equitable tolling or equitable estoppel arguments. As the Agency makes no other argument besides timeliness in support of

summary judgment, *see* Def.'s MSJ at 1–2, the Court denies the Agency's motion for summary judgment.[4]

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion for summary judgment (ECF No. 33), **DENIES** as **MOOT** Defendant's motion to stay discovery (ECF No. 40), and **DENIES** as **MOOT** Plaintiff's motion to submit supplemental evidence (ECF No. 42). An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: August 27, 2024                                                      RUDOLPH CONTRERAS
                                                                            United States District Judge

---

[4] The Agency has also filed a motion to stay discovery pending resolution of its motion for summary judgment. *See* Mot. Stay Disc. ECF No. 40. That motion is moot given the Court's resolution of Defendant's motion for summary judgment as well as the Court's prior order granting Defendant's consent motion for extension of time to complete discovery. *See* Min. Order (May 9, 2024). For his part, Jefferson has filed a motion for leave to submit supplemental evidence. *See* Pl.'s Mot. Leave Submit Supp. Evidence, ECF No. 42. That motion is also moot because the Court denies the Agency's motion for summary judgment irrespective of whether the Court were to consider Plaintiff's supplemental evidence.